UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ADVANCED CRITICAL DEVICES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:15-CV-48 |
| ) | |
| **PROMEX TECHNOLOGIES, LLC,** ) | |
| d/b/a U.S. Biopsy, and **ARGON MEDICAL** ) | |
| **DEVICES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION and ORDER

Plaintiff Advanced Critical Devices, Inc., filed a complaint against Defendants Promex Technologies, LLC, and Argon Medical Devices, Inc., on February 18, 2015, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket # 1.) The complaint recites that Advanced Critical Devices, Inc., is an Ohio corporation with its principal office in Brecksville, Ohio. (Compl. ¶ 1.) The complaint further alleges that "[u]pon information and belief," Promex Technologies, LLC, is an Indiana limited liability company ("LLC") with its principal place of business in Franklin, Indiana; and Argon Medical Devices, Inc., is a Delaware corporation with its principal place of business in Plano, Texas. (Compl. ¶¶ 2-3.)

These jurisdictional allegations are inadequate with respect to Defendants. First, as to Promex Technologies, LLC, an LLC's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Citizenship must be "traced through multiple levels" for those members of Promex Technologies, LLC, who are a partnership or an LLC, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*,

364 F.3d 858, 861 (7th Cir. 2004). That Promex Technologies, LLC, is an "Indiana limited liability company with its principal place of business located at . . . Franklin, Indiana" is meaningless with respect to determining diversity jurisdiction.

Second, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).

As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Therefore, Plaintiff is ORDERED to supplement the record on or before March 4, 2015, by filing an amended complaint that adequately alleges the citizenship of each party.

SO ORDERED.

Enter for this 18th day of February 2015.

s/ Susan Collins  
Susan Collins,  
United States Magistrate Judge